Filed 4/28/26  P. v. Major CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086310 |
| v. | (Super.Ct.No. FVI011354) |
| SHANE ALLEN MAJOR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rasheed Alexander, Judge.  Affirmed.

Shane Major, in pro. per. and Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Shane Major appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1172.6. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 302 (*Delgadillo*), and defendant filed a supplemental brief. We affirm.

PROCEDURAL BACKGROUND

In 2000, the San Bernardino County District Attorney's office charged defendant by information with first degree murder (§ 187, subd. (a), count 1), robbery (§ 211, count 2), and kidnapping to commit robbery (§ 209, subd. (b), count 3.) On January 21, 2003, defendant entered a plea agreement and pled guilty to first degree murder. The court sentenced him to 25 years to life in state prison and dismissed the remaining counts and allegations.

On March 10, 2020, defendant filed a form petition requesting resentencing pursuant to former section 1170.95. The trial court found he made a prima facie showing and ordered a full evidentiary hearing. On August 31, 2021, after conducting the hearing, the court found, beyond reasonable doubt, that although defendant was not the actual killer, he was major participant in the underlying robbery and acted with reckless indifference to human life.

Defendant appealed, arguing there was insufficient evidence to support the court's conclusion. He conceded that he was a major participant in the underlying

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

felony but argued that the prosecution failed to prove he acted with reckless indifference to human life.

On March 30, 2022, this court found there was ample evidence to support the trial judge's finding that defendant acted with reckless indifference to human life, and we affirmed the ruling. (*People v. Major* (Mar. 30, 2022, E077655 [nonpub. opn.].)

On August 2, 2022, defendant filed a second form petition under former section 1170.95. The trial court denied the second petition on the ground that it was collaterally estopped. Defendant appealed, and his counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 raising no issues.

On April 20, 2023, this court dismissed the appeal as abandoned, pursuant to *Delgadillo*, *supra*, 14 Cal.5th at p. 228, because counsel identified no arguable issue and defendant did not file a supplemental brief. (*People v. Major* (Apr. 20, 2023, E080178 [nonpub. opn.].)

On August 1, 2023, defendant filed a form petition under section 1172.6 (formerly section 1170.95), this time attaching an 18-page handwritten brief.[2] The brief contained a myriad of claims, including that his conviction should be reversed since the prosecutor conceded he was not the actual killer, and the

---

[2] Defendant actually entitled the brief as his "[d]eclaration," but for purposes of this opinion, we will refer to it as a brief.

prosecutor failed to prove he was ineligible for resentencing at the evidentiary hearing.[3]  The appellate record does not indicate what became of this petition.

On April 21, 2025, defendant filed a fourth form petition, under section 1172.6, with a shorter handwritten supplemental brief.  The court denied the petition on May 20, 2025.

Defendant appeals.

DISCUSSION

Defendant was provided notice under *Delgadillo* and advised that counsel filed a brief stating no arguable issues could be found, and that because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)  The notice advised him that he could file a supplemental brief within 30 days.  Defendant filed a supplemental brief.  Where a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief.  (*Ibid.*)

Defendant states that he believes his 2003 plea agreement "should be void," and that, in 2022, he showed he was not the murderer.  Defendant then states the enclosed brief "shows other issues as well," and he attached a copy of his petition filed on August 1, 2023, and what appears to be the same lengthy, handwritten supplemental brief he previously filed.  To the extent defendant's brief even

---

[3]  It appears that someone interlineated the filing date stamp on the form to indicate that the petition was filed on August 11, 2023.

touches on issues cognizable under section 1172.6, he has already had the opportunity to litigate his eligibility for resentencing, and multiple courts have ruled against him. "Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 (*Lucido*).)

Notably, this court issued a final ruling affirming the trial court's denial of defendant's first petition. We found there was ample evidence to support the trial court's finding that defendant acted with reckless indifference to human life. Accordingly, we concluded he was not entitled to resentencing under section 1170.95/1172.6. (*People v. Major*, *supra*, E077655.) Defendant is precluded from relitigating the issue of his entitlement to resentencing relief under section 1172.6. (*Lucido*, *supra*, 51 Cal.3d at p. 341.)

### DISPOSITION

The trial court's order denying the resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.
MILLER
J.

5